UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE FACEBOOK, INC. IPO SECURITIES AND
DERIVATIVE LITIGATION

MDL No. 12-2389 (RWS)

ECF Case

This document relates to the
Consolidated Securities Action:

| | |
|---|---|
| No. 12-cv-4081 | No. 12-cv-4763 |
| No. 12-cv-4099 | No. 12-cv-4777 |
| No. 12-cv-4131 | No. 12-cv-5511 |
| No. 12-cv-4150 | No. 12-cv-7542 |
| No. 12-cv-4157 | No. 12-cv-7543 |
| No. 12-cv-4184 | No. 12-cv-7544 |
| No. 12-cv-4194 | No. 12-cv-7545 |
| No. 12-cv-4215 | No. 12-cv-7546 |
| No. 12-cv-4252 | No. 12-cv-7547 |
| No. 12-cv-4291 | No. 12-cv-7548 |
| No. 12-cv-4312 | No. 12-cv-7550 |
| No. 12-cv-4332 | No. 12-cv-7551 |
| No. 12-cv-4360 | No. 12-cv-7552 |
| No. 12-cv-4362 | No. 12-cv-7586 |
| No. 12-cv-4551 | No. 12-cv-7587 |
| No. 12-cv-4648 | |

**REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION FOR SEVERANCE**

## Preliminary Statement[1]

Both Lead Plaintiffs' Memorandum of Law in Opposition to Corneck and Stricker's Motion for Severance ("Lead Pltfs' Memo") and Defendants' Memorandum of Law in Opposition to Motion for Severance ("Dfts' Memo") put the cart before the horse. The threshold issue is not the scope of lead plaintiffs' authority over a consolidated action. The threshold issue is whether certain actions should remain consolidated if, as a result of decisions by a lead plaintiff, such actions no longer have *any* issues of law or fact in common with the consolidated action.

Even were there common issues of law or fact (which there certainly are not), the contention that Lead Plaintiffs' decision to ignore the Exchange Act claims will not result in prejudice because the Exchange Act Plaintiffs will be able to pursue such claims individually, is both patently disingenuous and totally incorrect. As Judge Koeltl explained just last week, in his decision in *In re Oriental Educ. & Tech. Group Sec. Litig.*, 2013 U.S. Dist LEXIS 65052 (S.D.N.Y. May 6, 2013), dealing with circumstances substantially similar to those presented here, the running of the statute of limitations against absent class members is sufficiently prejudicial itself to justify severance.

---

[1] Terms defined in the Exchange Act Plaintiffs' Memorandum of Law in Support of Motion for Severance have the same meanings in this reply memorandum.

**Argument**

On February 28, 2013, Lead Plaintiffs filed their Consolidated Complaint. Lead Plaintiffs did not include the Exchange Act Plaintiffs' Section 20A insider trading claim. Instead, the Consolidated Complaint is limited to Securities Act disclosure claims. The Consolidated Complaint essentially alleges that the Facebook, Inc. prospectus fails to disclose information required to be disclosed and that defendants selectively disclosed material information. The Section 20A insider trading claim, on the other hand, is not based on any alleged disclosure violation in the prospectus or otherwise. Instead, the alleged insider trading violation is unrelated to the prospectus and arises out of the peculiar, if not unique, decision of the underwriters to short their own offering. The Exchange Act Plaintiffs allege that the decision to short the Facebook, Inc. offering was based on the underwriters' knowledge of collapsing institutional demand for the offering, a fact which no one contends is required to be disclosed publicly.

On May 1, 2013, defendants filed, among other documents, their Memorandum in Support of Defendants' Motion to Dismiss the Consolidated Class Action Complaint. In view of the enormous differences in the nature of the claims and their underlying factual predicates, it can come as no surprise that there is not a single sentence in such Memorandum's 53 pages of text relevant to any factual or legal issue raised by the Exchange Act Plaintiffs.

As this Court previously held, "consolidation is appropriate where actions before the Court involve common questions of law or fact and where consolidation serves the interest of judicial economy and avoids unnecessary costs or delay." *Crowe v. JPMorganChase &Co.*, 2009 U.S. Dist. LEXIS 107961, at *4 (S.D.N.Y. Nov. 18, 2009) (internal quotation marks and editing omitted). *See also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). As demonstrated in the Exchange Act Plaintiffs' moving brief, Lead Plaintiffs ignored this Court's holding that "the Securities Actions are consolidated to include both the Securities Act and Exchange Act claims." *In re Facebook, Inc. IPO Sec. & Deriv. Litig.*, 288 F.R.D. 26, 36 (S.D.N.Y. 2012) (emphasis added). Under the present circumstances, Lead Plaintiffs' failure to include the Exchange Act claims in the Consolidated Complaint severed the common issues of law nexus between the Consolidated Complaint and the Exchange Act Plaintiffs' complaints. The complete absence of common issues of law or fact means that consolidation neither "serves the interest of judicial economy" nor can it result in the avoidance of "unnecessary costs or delay."

The appropriate analytical framework to resolve this motion is the law of consolidation, not either the Private Securities Litigation Reform Act of 1995 (the "PSLRA") or Fed. R. Civ. P. 23. Without there first being consolidation, the PSLRA's concept of a lead plaintiff is irrelevant. Without common issues of law

or fact, there cannot be consolidation.  *See In re Facebook, Inc. IPO*, 288 F.R.D. at 35 ("Consolidation is appropriate where actions before the Court involve common questions of law or fact.  See *Fed. R. Civ. P. 42(a)*").

The traditional intersection of class actions and consolidation is Rule 23(d)(1)(A) which provides that a "court may issue orders that . . . determine the course of proceedings or prescribe measures to prevent undue repetition or complication in presenting evidence or argument . . . ."  5 James Wm. Moore et al., *Moore's Federal Practice* ¶ 23.141 (3d ed. 2010).  Severing the Exchange Act claims cannot cause "undue repetition or complication" here because there are no common issues of law or fact.

Reduced to its most fundamental level, the opposing arguments are based on *dicta* in a footnote in *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 76 (2d Cir. 2004), a decision concerned exclusively with the application of "standards for determining when leave to appeal under *Rule 23(f)* should be granted."  In *Hevesi*, the lead plaintiff did not have standing to assert certain claims and appointed named plaintiffs who had standing to serve as representatives for those claims.  The Rule 23(f) petitioner had unsuccessfully argued to the district court that class certification should have been denied as this procedure was improper.  The Second Circuit rejected the Rule 23(f) petition as not meeting either of the standards set forth in *In re Sumitomo Copper Litig.*, 262 F.3d 134 (2d Cir. 2001).  In a footnote,

4

the Second Circuit, in the context of *dicta* justifying lead plaintiffs' maneuver to insure that all available claims were brought (the opposite of the situation here), noted that "the main purpose of having a lead plaintiff" is "to empower one or several investors with a major stake in the litigation to exercise control over the litigation as a whole." *Hevesi*, 366 F.3d at 83 n.13.  Nothing in the opinion remotely suggests that a lead plaintiff is granted the power arbitrarily to deny investors the right to pursue claims based upon entirely different factual predicates and legal principles.

Similarly, the decisions of Judges Chin and Castel in litigation involving Bank of America's acquisition of Merrill Lynch & Co., Inc. are irrelevant to the issue of severance because the consolidation there involved actions having common questions of law and fact.  *See*, *e.g.*, *In re Bank of Am. Corp. Sec., Deriv. & ERISA Litig.*, 2010 U.S. Dist. LEXIS 37799, at *3 (S.D.N.Y. Apr. 9, 2010).

The Exchange Act Plaintiffs are not merely nibbling around the edges of the claims set forth in the Consolidated Complaint.  Their Section 20A claims are completely different from any of the claims set forth in the Consolidated Complaint.  There are *no* common issues of law or fact.  Thus, Lead Plaintiffs' examples of inclusion or exclusion of a particular defendant or the length of the putative class period (Lead Pltfs' Memo at 5 n.1) are not relevant to the fundamental issue of whether consolidation remains appropriate.  In its

consolidation decision, this Court relied extensively on *In re Gen. Elec. Sec. Litig.*, 2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009), a decision also dealing with the length of a putative class period but where, unlike here, there were common issues of law and fact.  As then-District Judge Chin described the situation, the complaints in *General Electric* all had "overarching allegations," specifically "that defendants misrepresented the financial security of GE in violation of federal securities laws, thereby artificially inflating the price of the stock."  2009 U.S. Dist. LEXIS 69133, at *8.  Here, there are no "overarching allegations."  The Consolidated Complaint alleges the use of a materially false and misleading prospectus while the Exchange Act Plaintiffs' complaints allege insider trading in connection with the underwriters' shorting their own offering.  The prospectus is irrelevant to the Exchange Act Plaintiffs' claims.

      Defendants raise the specter of claim-splitting and cite *Waldman v. Vill. of Kiryas Joel*, 207 F.3d 105 (2d Cir. 2000) and *Cieszkowska v. Gray Line New York*, 295 F.3d 204 (2d Cir. 2002) in support.  (Dfts' Memo at 4-5.)  Claim-splitting also is irrelevant to the issue here because it is essentially a matter of *res judicata* and without common questions of law or fact, there can be no applicable preclusive doctrine.  Both *Waldman* and *Cieszkowska* involve situations where a plaintiff sued under one theory alleging harm due to a single course of conduct and then, after suffering a setback, tried to sue again under a different theory for harm flowing

6

from the same course of conduct.  In each case, the second action was barred by *res judicata* because it was merely a repackaging of the same factual allegations as in the initial action.

Both the Lead Plaintiffs (Lead Pltfs' Memo at 7) and defendants (Dfts' Memo at 6) discount the possibility of prejudice by suggesting that the Exchange Act Plaintiffs can always opt out of the class and pursue their individual actions. There are many things wrong with such suggestion aside from its being manifestly disingenuous.

The statute of limitations on the Section 20A claim is running and the methodology suggested by Lead Plaintiffs and defendants would clearly only preserve the claims of the Exchange Act Plaintiffs.  What about the absent class members to whom the Lead Plaintiffs owe fiduciary duties?  The likely scenario is that a dismissal of the Consolidated Complaint would not become final prior to the running of the applicable statute of limitations on the Section 20A claim.  As the Second Circuit cautioned in connection with any consideration of the appropriateness of consolidation, "efficiency cannot be permitted to prevail at the expense of justice." *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999).  *See also In re Brooklyn Navy Yard Asbestos Litig.*, 971 F.2d 831, 853 (2d Cir. 1992) ("The systemic urge to aggregate litigation must not be allowed to trump our dedication to individual justice, and we must take care that each

7

individual plaintiff's—and defendant's—cause not be lost in the shadow of a towering mass litigation.").

The prejudicial effect of the running of the statute of limitations is the main reason why Judge Koeltl, last week, granted in *In re Oriental Educ., supra*, the same relief the Exchange Act Plaintiffs seek here. In *Oriental Educ.*, the consolidated complaint did not include claims on behalf of options traders although one of the consolidated actions was brought on behalf of such traders. Judge Koeltl, after analyzing all of the relevant decisions cited by the opposition here, severed the option trader action, notwithstanding that it had already been consolidated and a PSLRA lead plaintiff appointed for the consolidated action. Specifically, Judge Koeltl distinguished the *Bank of America* decisions, in part, by noting that "[t]he court in *BoA II*, like the court in *BoA I*, did not consider the statute of limitations repercussions for the affected plaintiffs." *In re Oriental Educ.*, 2013 U.S. Dist. LEXIS 65062, at *14. Judge Koeltl expected that, should the severed action survive a motion to dismiss, the plaintiff will move for class certification. *Id.* at *15.

## Conclusion

For the foregoing reasons, as well as those set forth in the moving brief, this Court should enter an order severing the Exchange Act Actions, consolidating the Exchange Act Actions as requested in the Exchange Act Plaintiffs' motion for consolidation, dated July 23, 2012, and directing that discovery in the Exchange Act Actions be coordinated with discovery in the Consolidated Complaint.

May 13, 2013

    Respectfully submitted,

    Harwood Feffer LLP

By:    /s/ Joel C. Feffer
    Joel C. Feffer
    Benjamin I. Sachs-Michaels
    488 Madison Avenue, 8th Floor
    New York, New York 10022
    Telephone:  (212) 935-7400
    Facsimile:   (212) 753-3630

    Law Offices of James V. Bashian, P.C.
    James V. Bashian
    500 Fifth Avenue
    New York, New York 10110
    Telephone:  (212) 921-4110
    Facsimile:   (212) 921-4249

    Attorneys for Exchange Act Plaintiffs